IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ABBAR SUFIAN AL HAWARY, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> ) <br> President of the United States, ) <br> *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-1505 (RMC) (AK) |

## MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioners, through their counsel, Holland & Hart LLP hereby respectfully move the Court for an Order entering the Amended Protective Orders, as set forth in the accompanying Memorandum in Support of Petitioners' Motion, in the above-captioned action.[1]

---

[1] This motion is properly referred to Magistrate Judge Alan Kay for consideration pursuant to the Order of the Calendar and Case Management Committee, Kessler, J., Chair (hereinafter "Kessler Order"), referring "all Motions pertaining to interpretation or construction of any protective order which has been entered in any of the [Guantanamo Bay *habeas*] cases" for resolution pursuant to LCvR 72.2(a), as well as "all disputes pertaining to logistical issues, such as communications with or visits to clients and counsel."  Kessler Order, Nov. 2, 2005.

Dated: March 28, 2006

                        Respectfully submitted,

                        /s/ Hamid M. Khan
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
Stephen Masciocchi (Colorado State Bar #22359)
Lizbeth C. Rodriguez (Colorado State Bar #32001)
Hamid M. Khan  (Colorado State Bar #34139)
Danielle R. Voorhees (Colorado State Bar #35929)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, NY  10012
Telephone:  (212) 614-6439

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABBAR SUFIAN AL HAWARY, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1505 (RMC) (AK) |
| GEORGE W. BUSH, | ) ) ) | |
| President of the United States, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

### PETITIONERS' MEMORANDUM IN SUPPORT OF
### MOTION FOR ENTRY OF PROTECTIVE ORDER

Petitioners respectfully request that the Court enter the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, ("Amended Protective Order")[2] first issued on November 10, 2004 in the *In re Guantánamo Bay Detainee Cases* by then Coordinating Judge Joyce Hens Green and since entered in related *habeas* proceedings before this Court and the Courts of this District. *See, e.g.*, *Wahab v. Bush*, 05-886 (D.D.C., Jan. 10. 2005); *Muhammed v. Bush,* 05-2087 (Dec. 22, 2005); *Saib v. Bush*, 05-1353, min. order (Aug. 1, 2005) (staying case and also entering Protective Orders).

As an initial matter, counsel for Petitioners recognize that a Stay has been entered in this case due to the jurisdictional questions raised by the Detainee Treatment Act of 2005, Pub. L.

---

[2] The Amended Protective Order includes the following orders entered in *In re Guantánamo Detainee Cases*: Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)); Order Addressing Designation Procedures for "Protected Information," first issued on November 10, 2005; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004. *See* Exhibits 1-3.

No. 109-148, §§ 1001-06, 119 Stat. 2680, 2739-44 ("DTA").  Entry of the Amended Protective Order does not, however, have any "bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush, et al.*, No. 05-00723, memo. op. at 22 (D.D.C. March 14, 2006) (Kay, J.) (Exhibit 4) [hereinafter, "Kay Opinion"] .  In fact, as Judge Kay has appropriately noted:

> [T]he need to resolve questions regarding the logistics of counsel access will remain an issue, even if the D.C. Circuit and the Supreme Court determine that the DTA applies to those habeas cases currently pending in the District Court.  Moreover, it will undoubtedly take months for the courts to grapple with the jurisdiction and retroactivity questions . . . *Forcing [Petitioner] to wait until all such proceedings and appeals are concluding before permitting him to speak with his lawyer renders his right to counsel meaningless*.

*Id.* at 22 n.25 (emphasis added).  Entry of the Amended Protective Order, therefore, will not affect the Court's jurisdictional concerns and will merely allow Petitioner Al-Hawary to speak with his attorney, a right he requested over one year ago, and a right currently afforded to many other detainees.  *See* Next Friend Letter of Shaker Aamer (Feb. 5, 2005) (Exhibit 5).

The Government conditions Petitioners' right to access to existing *pro bono* and assigned counsel, as affirmed in *Al Odah, et al. v. Bush, et al*, 346 F.Supp.2d (D.D.C. 2004), upon entry of the Amended Protective Order, and undersigned counsel are prohibited from meeting with Petitioner Al-Hawary until the Amended Protective Order is entered.  In the absence of an order by this Court, counsel are also prohibited from sending or receiving legal mail from Petitioner Al-Hawary and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship.  Entry of the Amended Protective Order would afford the undersigned counsel the opportunities provided counsel in other pending Guantánamo Bay detainee cases to visit Petitioner Al-Hawary at Guantánamo Bay and to send him privileged attorney-client mail by way of the legal mail procedures outlined in the Amended Protective Order.  "Considering the lack of any possible prejudice to the Government from allowing [Petitioner] to confirm his desire

for representation in person rather than in writing, and weighing the importance of [Petitioner's] right to counsel, which he has been attempting to exercise for over a year," Petitioners respectfully requests that the Amended Protective Order be entered in this case. *See* Kay Opinion at 33.

Pursuant to Local Civil Rule 7(m), counsel for Petitioners conferred with Respondents' counsel regarding the relief sought in this motion. Respondents' counsel oppose the motion. A proposed Order is attached as Exhibit 6.[3]

Dated: March 28, 2006

Respectfully submitted,

Counsel for Petitioners:

  /s/ Hamid M. Khan
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
Stephen Masciocchi (Colorado State Bar #22359)
Lizbeth C. Rodriguez (Colorado State Bar #32001)
Hamid M. Khan  (Colorado State Bar #34139)
Danielle R. Voorhees (Colorado State Bar #35929)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, NY  10012
Telephone:  (212) 614-6439

---

[3] Although Petitioners are moving for entry of the Amended Protective Order, they reserve the right to challenge or seek modification of any particular terms of the Protective Order in the future, and to ask this Court to review any designation made by respondents of particular information as "protected," as may be appropriate.

## CERTIFICATE OF SERVICE

I certify that on, March 28, 2006 I served a copy of the foregoing document to the following by electronic filing and also by U.S. Mail.

c/o Andrew Warden
Preeya Noronha
Peter D. Keisler
Joseph H. Hunt
Kenneth L. Wainstein
Douglas N. Letter
Vincent M. Garvey
Terry M. Henry
James J. Schwartz
Robert J. Katerberg
Nicholas J. Patterson
Andrew I. Warden
Edward H. White
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7144
Washington, DC  20530
Andrew.warden@usdoj.gov

/s                                              
Holland & Hart LLP

3534705_1.DOC