IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABBAR SUFIAN AL HAWARY, *et al.*, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> GEORGE W. BUSH, ) <br> ) <br> President of the United States, ) <br> *et al.*, ) <br> ) <br> Respondents. ) <br> ) | Civil Action No. 05-CV-1505 (RMC) (AK) |

**REPLY BRIEF AND REQUEST THAT MOTION FOR
ENTRY OF PROTECTIVE ORDER BE DEEMED CONFESSED**

Respondents have failed to respond to Petitioner's Motion for Entry of Protective Order ("Motion") due to the Stay currently in place in these cases. Because the Protective Order has been entered in several other cases since the Detainee Treatment Act of 2005's ("DTA") passage and has no bearing on the DTA's jurisdictional issues, and because Petitioner's right to have access to his counsel is no less than other Guantánamo detainees, Petitioner respectfully requests this Court deem Petitioner's Motion confessed and enter the Protective Orders in this matter or, in the alternative, order Respondents to respond to Petitioner's Motion.

**I.   This Court Continues to Enter the Protective Order in Guantánamo Detainee Habeas Cases.**

Because of the DTA, this Court stayed this matter on January 27, 2006. Despite the DTA and Stay Orders, however, Protective Orders have been entered in several other Guantánamo detainee *habeas* cases currently pending in the District Court for the District of Columbia. *See Awad v. Bush, et al.*, No. 05-cv-02379 (JR) (D.D.C. Apr. 11, 2006) (Minute Order) (motion to stay granted Jan. 11, 2006); *Ahmed v. Bush, et al.*, No. 05-CV-01234 (EGS) (D.D.C. March 21,

2006) (case stayed March 17, 2006); *Khiali-Gul v. Bush, et al.*, No. 05-CV-00877 (JR) (D.D.C. Jan. 1, 2006) (Minute Order) (case stayed Dec. 6, 2005).

As demonstrated by these other cases, entry of the Protective Orders is entirely appropriate, despite the DTA and Stay in this matter. The DTA says nothing about Guantánamo detainees' access to counsel. Further, as explained in Petitioner's Motion, the Protective Order does not have any "bearing on the question of which Court has jurisdiction to review the merits of Petitioner's challenge to his detention." *Adem v. Bush, et al.*, No. 05-00723, memo. op. at 22 (D.D.C. March 14, 2006) (Kay, J.) (Exhibit 4 to Motion).

## II.  Delay of Entry of the Protective Order Denies Petitioner the Right to Counsel Currently Afforded to Other Detainees.

Undersigned counsel are prohibited from meeting with Petitioner until the Protective Order is entered in his case. Counsel are also prohibited from sending or receiving legal mail from Petitioner and are therefore unable to initiate, let alone establish, a functioning attorney-client relationship, without the Protective Order. There is no prejudice to Respondents in allowing Petitioner access to counsel, and Petitioner's counsel of record has six attorneys with security clearances who would be able to meet with Petitioner as soon as appropriate arrangements could be made.

Counsel visits to Guantánamo in cases where the Protective Order is entered are ongoing. It is therefore clear that the DTA is irrelevant to the right of detainees to have access to counsel. Entry of the Protective Order would simply afford Petitioner the right to access his counsel that is allowed in other pending Guantánamo detainee cases. There is no reason why Petitioner ought to be denied this right, currently afforded to many other detainees.

WHEREFORE, Petitioner respectfully requests that the Court GRANT Petitioner's Motion for Entry of the Protective Order and enter the Protective Order in this case.

Dated:  April 24, 2006

Respectfully submitted,

/s Danielle R. Voorhees
Scott S. Barker (Colorado State Bar #11177)
J. Triplett Mackintosh (Colorado State Bar #22359)
Stephen Masciocchi (Colorado State Bar #22359)
Lizbeth C. Rodriguez (Colorado State Bar #32001)
Hamid M. Khan  (Colorado State Bar #34139)
Danielle R. Voorhees (Colorado State Bar #35929)
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202
Telephone:  (303) 295-8000

Of Counsel
Barbara J. Olshansky (New York State Bar #3635)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway
New York, NY  10012
Telephone:  (212) 614-6439

## CERTIFICATE OF SERVICE

I hereby certify that on 4/24/2006, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following e-mail addresses:

>terry.henry@usdoj.gov
>preeya.noronha@usdoj.gov
>United States Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 7144
>Washington, DC  20530

/s Danielle R. Voorhees
Holland & Hart LLP

3546545_1.DOC