IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MOTAI SAIB, et al., | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-1353 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR
RECONSIDERATION OF ORDER DISMISSING PETITION FOR HABEAS CORPUS
AND DENYING MOTION TO STAY PROCEEDINGS AND HOLD IN ABEYANCE**

In keeping with binding precedent in this Circuit, *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007), *cert. granted*, 75 U.S.L.W. 3707 (U.S. June 29, 2007) (Nos. 06-1195, 06-1196), on May 9, 2007, this Court dismissed this case for lack of jurisdiction (dkt no. 59). *Boumediene* held that this Court lacks jurisdiction over habeas corpus proceedings such as this one brought by alien detainees held at Guantanamo Bay. In the hope that one day the Supreme Court might reverse the D.C. Circuit's ruling in *Boumediene*, petitioner now asks this Court to reconsider its decision. That request is without merit.

As an initial matter, the Court's decision to dismiss this case was correct when it was made, and the legal foundation for that decision has not changed since it was rendered; the law of the Circuit that required dismissal remains extant and binding. In addition, petitioner cannot meet the rigorous test under Rule 60(b)(6) for justifying reconsideration of an order of dismissal.

# ARGUMENT

I.  **Petitioner Has Not Established Extraordinary Circumstances To Justify His Rule 60(b)(6) Motion.**

As petitioner recognizes, his motion may only be granted upon a finding of extraordinary circumstances. Pet'r's Mot. for Recons. of Order Dismissing Pet.4 (dkt. no. 65) ("Pet'r's Mot."). *See Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (reiterating that "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."). No extraordinary circumstance are present here, however.

First, the Supreme Court's grant of certiorari and the Court of Appeals decision to recall its mandate in *Boumediene* do not rise to the level of extraordinary circumstances, because *Boumediene* has not even been reviewed by the Supreme Court or by the Court of Appeals sitting *en banc*, let alone overruled, and it still constitutes the law of the Circuit and is binding on this Court. *See Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 154 (D.C. Cir. 1990) (Henderson, J., concurring) ("Once [an] opinion [is] released it [becomes] the law of this circuit."); *Maxwell v. Snow*, 409 F.3d 354, 358 (D.C. Cir. 2005) ("this Court is bound to follow circuit precedent until it is overruled either by an *en banc* court or the Supreme Court"); *Chambers v. United States*, 22 F.3d 939, 942 n.3 (9th Cir. 1994) ("In this circuit, once a published opinion is filed, it becomes the law of the circuit until withdrawn or reversed by the Supreme Court or an en banc court."), *vacated on other grounds*, 47 F.3d 1015 (1995).[1] And the Supreme Court's decision to review

---

[1] *See also Vo Van Chau v. Department of State*, 891 F. Supp. 650, 654 (D.D.C. 1995) ("[D]efendants argue that this Court is not bound to follow [a decision by a panel of the Court of Appeals], since the mandate in [that case] has not yet issued from the Court of Appeals. This argument has no merit. The District Court 'is bound by the principle of stare decisis to abide by a recent decision of one panel of [the Court of Appeals] unless the panel has withdrawn the opinion or the court en banc has overruled it.' ") (quoting *Association of Civilian Technicians, Montana Air Chapter v. FLRA*, 756 F.2d 172, 176 (D.C. Cir. 1985) (internal quotation marks and

*Boumediene* does not mean that *Boumediene* has already been reviewed and reversed, nor in any other way alter the law of this Circuit. *See Ayuda*, 919 F.2d at 154 (Henderson, J., concurring) ("Nor is it relevant ... that the United States Supreme Court has granted *certiorari* on the question. Unless and until [the D.C. Circuit opinion] is reversed or overruled by the United States Supreme Court or by this Court *en banc*, [the opinion] remains the law of this circuit"); *Robinson v. Crosby*, 358 F.3d 1281, 1284 (11th Cir. 2004) ("the grant of certiorari alone is not enough to change the law of this circuit"). Thus, this Court is bound by the Court of Appeals' decision in *Boumediene*, which precludes the Court from exercising jurisdiction over petitioner's habeas petition or maintaining any orders entered in this case.

Second, petitioner is already taking advantage of two mechanisms to obtain the ultimate relief he seeks. As his papers recite, Pet'r's Mot. 2, petitioner has filed a notice of appeal challenging the Court's dismissal of this action. That appeal is, of course, to the court that decided *Boumediene*, the case that required the dismissal order at issue. Petitioner has also filed a separate petition in the Court of Appeals challenging his enemy combatant status under the Detainee Treatment Act of 2005 ("DTA"), Pub. L. No. 109-148, Tit. X, 119 Stat. 2680. Pet'r's Mot. 3. Petitioner thus cannot demonstrate why he needs to have this court take the extraordinary step of reinstating his habeas case.[2]

---

citation omitted)).

[2] Although this motion presents similar circumstances to the petitioner's motion in *Al-Shimrani v. Bush*, No. 05-CV-2249 (D.D.C.) (RMC) (dkt. no. 59), where the Court granted petitioner's Rule 60(b)(6) motion, we respectfully submit that the Court should deny petitioner's motion in this case on the basis of the arguments in this opposition, especially where the petitioner is already pursuing two avenues besides the present motion to obtain the ultimate relief he seeks: an appeal from the order that petitioner now asks this Court to reconsider and a petition filed in the Court of Appeals under the DTA. Additionally, the fact that the Court has already granted the Government's motion to dismiss distinguishes this case from cases where the

Third, petitioner's detention does not support a finding of extraordinary circumstances. To be sure, the Supreme Court has recited incarceration as one fact among others that might support granting Rule 60(b)(6) relief. *See, e.g.*, *Ackerman v. United States*, 340 U.S. 193, 200-01 (1950); *Klapprott v. United States*, 335 U.S. 601, 613-15 (1949). Here, however, other factors demonstrate that, unlike the petitioner in *Klapprott* where the Supreme Court found extraordinary circumstances, petitioner's incarceration is not an impediment to him challenging his detention. In particular, petitioner is represented by counsel and is challenging his enemy combatant status under the DTA.

Finally, petitioner's reliance on the Declaration of Lieutenant Colonel Stephen Abraham, United States Army Reserve, attached as Exhibit B to petitioner's motion, does not support a finding of extraordinary circumstances. To the extent that the Abraham Declaration is intended to call into question the fairness of the DTA regime, which we dispute, it does not provide jurisdiction to this Court to hear this case in contravention of *Boumediene*.

## II. Neither The Court's Authority To Determine Its Own Jurisdiction Nor *Al-Ginco v. Bush* Requires That The Court Grant Petitioners' Requested Relief.

Although the Court retains the authority to determine its own jurisdiction, *see United States v. Ruiz*, 536 U.S. 622, 628 (2002), and the power to issue orders "preserving existing conditions pending a decision upon its own jurisdiction," *see United States v. United Mine Workers of America*, 330 U.S. 258, 290 (1947), neither of those legal principles helps petitioner here. The Court has already determined that it does not have jurisdiction over this case based on

---

Court has denied the Government's motion to dismiss without prejudice and stayed the case pending the Supreme Court's determination in *Boumediene*. *See, e.g.*, *Ezatullah v. Bush*, No. 06-CV-1752 (D.D.C.) (RMC) (Aug. 28, 2007 minute entry).

- 4 -

binding precedent. To put it differently, the "existing condition" that the Court may preserve is that the petition has been dismissed.

Petitioner's reliance on the D.C. Circuit's June 7, 2007 order in *Al Ginco v. Bush*, No. 06-5161, is similarly unhelpful. In the June 7 order, the Court of Appeals stated: "The district court may consider in the first instance respondents' motion to dismiss and petitioners' motions to stay and hold in abeyance, which are currently pending before the district court in the actions underlying these consolidated appeals." That statement stands for the unremarkable proposition that the district court has the opportunity to decide the Government's motions to dismiss in the first instance; it certainly does not mean that the Court should deny those motions in contravention of binding precedent.

## **CONCLUSION**

For the reasons set forth above, petitioners' motion should be denied.

Dated: September 4, 2007                    Respectfully submitted,

                                                                  PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

    /s/ Nicholas A. Oldham
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar No. 347518)
TERRY M. HENRY
JEAN LIN
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS A. OLDHAM
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107

Attorneys for Respondents

- 6 -