UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ABBAR SUFIAN AL HAWARY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-1505 (RMC) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**ORDER**

This matter comes before the Court on Petitioner's Motion for Reconsideration of Order Dismissing Petition for Habeas Corpus and Denying Motion to Stay Proceedings and Hold in Abeyance. *See* [Dkt. # 59]. On May 9, 2007, this Court granted Respondents' motion to dismiss on the grounds that the Military Commissions Act of 2006 ("MCA") deprived this Court of jurisdiction over the petition. *See* [Dkt. # 52]. The Petitioner appealed this Court's Order on June 8, 2007. Shortly thereafter, on June 29, 2007, the Supreme Court granted certiorari in *Boumediene v. Bush*, 127 S. Ct. 3078 (2007). On September 13, 2007, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b)(6) asking this Court to reconsider its May 9 Order in light of the Supreme Court's decision to grant certiorari in *Boumediene*. The United States has filed an opposition, and the motion is now ripe for decision.

According to the Supreme Court, "a federal district court and a court of appeals should not attempt to assert jurisdiction over a cause simultaneously. The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).  It follows, therefore, that all the legal issues addressed in the Court's May 9 Order are now within the jurisdiction of the D.C. Circuit. Accordingly, this Court lacks subject-matter jurisdiction to reconsider that Order.

If the Court did have jurisdiction, however, it would be inclined to grant Petitioner's motion as it has done in similar cases.  *See Mousovi v. Bush*, No. 05-1124, Sept. 7, 2007 Order [Dkt. #74]. Given that the Court is inclined to grant relief from judgment, Petitioner may, if he chooses, move the Court of Appeals for an order remanding the case for reconsideration of a Rule 60(b) motion.  *See, e.g., Piper v. U.S. Dep't of Justice*, 374 F. Supp. 2d 73, 81 (D.D.C. 2005) (noting that the district court lacked jurisdiction to grant a Rule 60(b) motion due to notice of appeal but would likely grant the motion should the Court of Appeals remand the case).

For the foregoing reasons, it is hereby

**ORDERED** that Petitioner's Motion for Reconsideration [Dkt. #59] is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO ORDERED.**

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge

DATE: October 22, 2007